1  PHILLIP A. TALBERT
   United States Attorney
2  KIMBERLY A. SANCHEZ
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone: (559) 497-4000
   Facsimile:  (559) 497-4099
5

6  Attorneys for Plaintiff
   United States of America
7

8

9                   IN THE UNITED STATES DISTRICT COURT

10                  EASTERN DISTRICT OF CALIFORNIA

11 UNITED STATES OF AMERICA,              CASE NO.  1:22-MJ-00117-SAB
                                                    1:22-MJ-00114-SAB
12                    Plaintiff,
                                          STIPULATION REGARDING EXCLUDABLE
13          v.                            TIME PERIODS UNDER SPEEDY TRIAL ACT;
                                          ORDER
14 ETHAN ANDREW EVANS TINDUKASIRI,
                                          DATE: March 30, 2023
15                    Defendant.          TIME: 2:00 p.m.
                                          COURT: Hon. Sheila K. Oberto
16

17        This case is set for a preliminary hearing on March 30, 2023.  The parties agree and stipulate to

18 continue the preliminary hearing until May 19, 2023 at 2:00 p.m. before the duty magistrate.  Defense

19 counsel has continued to be engaged in discussions and further investigation, and needs additional time

20 to conclude that process.  Additionally, the parties are engaged in discussions and investigation of issues

21 related to the defendant's mental health, as well as consultation with or seeking consultation with

22 experts.  There are complex factual and legal issues the parties are exploring, and believe that additional

23 time to conclude that process will be productive in moving the case forward.

24        On May 26, 2021, the Court issued General Order 631, which provided for a reopening of the

25 courthouse in June 2021, recognized the continued public health emergency, continued to authorize

26 video or teleconference court appearances in various cases, and noted the court's continued ability under

27 the Coronavirus Aid, Relief, and Economic Security (CARES) Act (the "Act") to continue trials and

28 other matters, excluding time under the Act.  On June 27, 2022, the Court issued General Order 652,

STIPULATION REGARDING EXCLUDABLE TIME          1
PERIODS UNDER SPEEDY TRIAL ACT

1   which "authorized the use of videoconference and teleconference technology in certain criminal

2   proceedings under the in the Eastern District of California."  This and previous General Orders highlight

3   and were entered to address public health concerns related to COVID-19.  Pursuant to F.R.Cr.P. 5.1(c)

4   and (d), a preliminary hearing must be held "no later than 14 days after initial appearance if the

5   defendant is in custody," unless the defendant consents and there is a "showing of good cause", or if the

6   defendant does not consent and there is a "showing that extraordinary circumstances exist and justice

7   requires the delay."  Here, the defendant consents and there is good cause.

8       Although the General Orders address the district-wide health concern, the Supreme Court has

9   emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

10   openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

11   *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

12   exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

13   509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

14   judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

15   or in writing").

16       Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

17   and inexcusable—General Orders 611, 612, 617, 631, 652, and 662 (among others) require specific

18   supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such

19   continuance on the basis of his findings that the ends of justice served by taking such action outweigh

20   the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

21   Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either

22   orally or in writing, its reason or finding that the ends of justice served by the granting of such

23   continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

24       The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

25   T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

26   natural disasters, or other emergencies, this Court has discretion to order a continuance in such

27   circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

28   following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1  recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

2  *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

3  September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

4  similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

5         In light of the societal context created by the foregoing, this Court should consider the following

6  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

7  justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date

8  for the preliminary hearing.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

9  pretrial continuance must be "specifically limited in time").

10                                          **STIPULATION**

11         Plaintiff United States of America, by and through its counsel of record, and defendant, by and

12  through defendant's counsel of record, hereby stipulate as follows:

13         1.      By previous order, this matter was set for preliminary hearing on March 30, 2023.

14         2.      By this stipulation, defendant now moves to continue the preliminary hearing until **May**

15  **19, 2023, at 2:00 p.m.** and to exclude time between March 30, 2023, and May 19, 2023, under Local

16  Code T4.

17         3.      The parties agree and stipulate, and request that the Court find the following:

18                 a)      The parties are discussing and conducting further investigation into pre-

19         indictment matters, and need additional time to conclude.

20                 b)      Counsel for defendant desires additional time to consult with her client, conduct

21         further investigation, provide time for the government to assess information defense provided,

22         and further discuss charges with the government.

23                 c)      Counsel for defendant has received a report from an expert defense retained, and

24         the parties need time to further discuss and evaluate that.

25                 d)      The parties are engaged in discussions and investigation of issues related to the

26         defendant's mental health, as well as consultation with or seeking consultation with experts

27                 e)      Counsel for defendant believes that failure to grant the above-requested

28         continuance would deny him the reasonable time necessary for effective preparation, taking into

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3

account the exercise of due diligence.

      f)     The government does not object to the continuance.

      g)     Pursuant to F.R.Cr.P. 5.1(c) and (d), a preliminary hearing must be held "no later than 14 days after initial appearance if the defendant is in custody," unless the defendant consents and there is a "showing of good cause".  Here, the defendant consents and there is good cause as set forth herein.

      h)     Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in an indictment or trial within the original dates prescribed by the Speedy Trial Act.

      i)     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which an indictment must be filed and within which a trial must commence, the time period of March 30, 2023 to May 19, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy indictment/trial.

**[Remainder of page intentionally left blank.]**

4.     Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which an indictment must be filed and a trial must commence.

IT IS SO STIPULATED.

Dated:  March 27, 2023                               PHILLIP A. TALBERT
                                                     United States Attorney


                                                     /s/ KIMBERLY A. SANCHEZ
                                                     KIMBERLY A. SANCHEZ
                                                     Assistant United States Attorney


Dated:  March 27, 2023                               /s/ CAROL ANN MOSES
                                                     CAROL ANN MOSES
                                                     Counsel for Defendant
                                                     ETHAN ANDREW EVANS
                                                     TINDUKASIRI

**ORDER**

IT IS SO ORDERED.


DATED:       3/28/2023                _Sheila K. Oberto_____
                                      THE HONORABLE SHEILA K. OBERTO
                                      UNITED STATES MAGISTRATE JUDGE

STIPULATION REGARDING EXCLUDABLE TIME                5
PERIODS UNDER SPEEDY TRIAL ACT